Kakuriev v Baffone Transp., Inc.

2026 NY Slip Op 02972

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Avraham Kakuriev, appellant,

v

Baffone Transportation, Inc., et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-09361, (Index No. 708526/23)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Levy & Borukh, PLLC (Wiese & Aydiner, PLLC, Mineola, NY [Si Aydiner], of counsel), for appellant.

Scahill Law Group P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated July 8, 2024. The order, insofar as appealed from, without a hearing, denied those branches of the plaintiff's motion which were pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendants Baffone Transportation, Inc., and Francesco Fatta and against those defendants' attorney and pursuant to CPLR 3124 and 3126 to strike those defendants' answer.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In November 2022, the plaintiff's vehicle came into contact with a vehicle operated by the defendant Francesco Fatta and owned by the defendant Baffone Transportation, Inc. (hereinafter together the defendants), at or near the intersection of Utopia Parkway and Union Turnpike in Queens. Prior to the commencement of this action, the defendants' insurance carrier, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), sent the plaintiff's attorney a letter dated January 7, 2023, denying liability and payment of the plaintiff's claim (hereinafter the State Farm letter). The State Farm letter explained that the plaintiff "attempted to pass our insured while using an improper lane as our insured was backing into a back alley to make a delivery. . . . We have found your client 100% at fault for improper lookout and improper lane usage."

In April 2023, the plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in connection with the accident. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In support of his motion, the plaintiff submitted, among other things, his affidavit. The plaintiff averred that while Fatta attempted to reverse the defendants' vehicle into a parking lot to the right side of the street, the right rear corner panel of the defendants' vehicle struck the driver's side of the plaintiff's vehicle, which was stopped at a red light at the intersection. In opposition, the defendants submitted, inter alia, Fatta's affidavit, in which he averred that he pulled out of a driveway on Utopia Parkway, went across both travel lanes, and turned to the right. Fatta averred that he was stopped at the red light for approximately two minutes, with the defendants' vehicle at an angle over both travel lanes, when [*2]Fatta felt an impact to the rear of the defendants' vehicle on the passenger side. Fatta averred that he was not reversing into the driveway at the time of the accident and that the accident was caused, "at least in part," by the plaintiff trying to pass the defendants' vehicle on the right. In an order dated November 13, 2023, the Supreme Court denied the plaintiff's motion, concluding that a triable issue of fact existed as to how the accident occurred.

Thereafter, the plaintiff made a demand for the defendants to produce portions of State Farm's investigative file, including all communication, correspondence, or other items made by the defendants as to how the accident occurred or which formed the basis of the State Farm letter. In May 2024, the defendants produced, among other things, the affidavit of a State Farm claim representative, Amy Drzemala, and a State Farm file note reflecting Drzemala's phone conversation with Fatta. According to the State Farm file note, Fatta informed Drzemala that Fatta was "in the center of the road backing into a side alley loading dock" and that the plaintiff "attempted to speed around [Fatta] to the right as he was backing to skirt through," but the plaintiff did not make it through.

In May 2024, the plaintiff moved, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendants and the defendants' attorney and pursuant to CPLR 3124 and 3126 to strike the defendants' answer, contending that Fatta had committed perjury. The defendants opposed the motion. In an order dated July 8, 2024, the Supreme Court, among other things, without a hearing, denied those branches of the plaintiff's motion. The plaintiff appeals.

"Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, may impose sanctions against a party for frivolous conduct" (Finley v Finley, 233 AD3d 654, 655). Conduct is considered frivolous if it is "completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; . . . undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or . . . asserts material factual statements that are false" (id. [internal quotation marks omitted]).

Initially, contrary to the plaintiff's contention, the Supreme Court properly determined the plaintiff's motion without a hearing, as the plaintiff expressly requested the subject relief in his motion papers and the defendants were afforded an opportunity to be heard and to oppose the motion (see 22 NYCRR 130-1.1[d]; Rhodes v Rhodes, 169 AD3d 841, 844; Levine v Levine, 111 AD3d 898, 899).

The Supreme Court also properly determined that sanctions pursuant to 22 NYCRR 130-1.1 were not warranted. Contrary to the plaintiff's contention, Fatta's inconsistent statements were not frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see Matter of Edwin C. v Fenny C., 227 AD3d 893, 894).

The Supreme Court further properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3124 and 3126 to strike the defendants' answer. "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (Matter of Dahan, 231 AD3d 945, 947 [internal quotation marks omitted]; see Mirabile v Kuwayama, 231 AD3d 822, 823). "The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (Mew v Civitano, 151 AD3d 840, 841; see Bank of Am., N.A. v Castillo, 227 AD3d 760, 761). As actions should be resolved on the merits whenever possible, "the drastic remedy of striking a pleading . . . should not be imposed absent a clear showing that the failure to comply with discovery demands or orders was willful and contumacious" (Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1398, 1399-1400; see Wanliss v Retina Assoc. of N.Y., P.C., 230 AD3d 1270, 1271). Here, the plaintiff failed to establish that the defendants willfully and contumaciously refused to comply with discovery demands and orders or otherwise "supplied false and fraudulent information" during discovery (Garnett v Hudson Rent A Car, 258 AD2d 559, 559) that would warrant the drastic sanction of striking the defendants' answer.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court